**Diana Patricia Rodriguez LOZANO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72998.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.\*

Decided April 15, 2004.

Diana Patricia Rodriguez Lozano, San Bruno, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM \*\*

Diana Patricia Rodriguez Lozano, a native and citizen of Colombia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of

---

Fed. R.App. P. 34(a)(2).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

her application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Rodriguez Lozano's encounter with guerillas, her fears of kidnaping, and the robbery and shooting of her father were not on account of political opinion, affirmative or imputed, or membership in a particular social group. *See Pedro–Mateo*, 224 F.3d at 1150–51; *Sangha v. INS*, 103 F.3d 1482, 1487–91 (9th Cir.1997).

Because Rodriguez Lozano failed to establish eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo*, 224 F.3d at 1150.

The IJ properly denied relief under the CAT because Rodriguez Lozano failed to demonstrate that it is more likely than not that she will be tortured if removed to Colombia. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003).

Rodriguez Lozano's contention that the BIA's opinion insufficiently articulated its reasons for denying relief is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.